IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ADAM NOMINEE,** on behalf of himself and others similarly situated, ) ) ) | CASE NO. |
| Plaintiff, ) ) ) | JUDGE |
| vs. ) ) ) | **COLLECTIVE ACTION COMPLAINT** |
| **WEBSTER INDUSTRIES, INC.** ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |

Plaintiff, Adam Nominee, by and through counsel, for his Complaint against Defendant, Webster Industries, Inc., states and alleges as follows:

## PARTIES

1. This case challenges the policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)(2).

1

## PARTIES

5.  At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant as an hourly, non-exempt employee within this district and division from 2014 to 2018.

6.  Defendant is a for-profit Ohio corporation. Defendant's principal place of business is in this District and Division, and Defendant regularly conducts business in this District and Division. Defendant can be served through its statutory agent, Andrew Felter, 325 Hall Street, Tiffin, Ohio 44883.

## STATEMENT OF FACTS

### Defendant's Status as an "Employer"

7.  At all times relevant, Defendant was an "employer" within the meaning of the FLSA.

8.  At all relevant times, Plaintiff and the Opt-Ins were "employees" within the meaning of the FLSA.

9.  Defendant's hourly, non-exempt employees included Plaintiff and the Opt-Ins.

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Hourly Employees' Compensation

11. Plaintiff and the Opt-Ins are current or former hourly, non-exempt employees of Defendant.

12. Pursuant to Defendant's uniform companywide policy, Defendant does count as hours worked the time that Plaintiff and the Opt-Ins spend performing pre-shift work. Such pre-shift work includes, but is not limited to, collecting and donning certain clothing and personal protective equipment.

13. Defendant requires that Plaintiff and the Opt-Ins be ready to start their workday promptly at the beginning of their shifts. To do so, Plaintiff and the Opt-Ins must collect and don certain clothing and personal protective equipment before the start of their shifts. These pre-shift activities, which were performed for Defendant's benefit, were an integral and indispensable part of Plaintiff's and the Opt-Ins' principal activities.

14. Defendant arbitrarily failed to count this pre-shift work performed by Plaintiff and the Opt-Ins as "hours worked."

15. Plaintiff and the Opt-Ins performed this unpaid work every workday, and it constituted a part of their fixed and regular workday.

16. Plaintiff estimates that he spent approximately 30-45 minutes performing this pre-shift work per week. This unpaid work performed by Plaintiff and the Opt-Ins was practically ascertainable to Defendant.

17. Defendant's practice of not paying for this pre-shift work results and has resulted in Plaintiff and the Opt-Ins not being paid all of their overtime on a nearly daily basis.

18. Plaintiff and each Opt-In have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in unpaid overtime.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

21. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly, non-exempt employees of Defendant during the period three years preceding the commencement of this action to the present who worked forty or more hours in one or more workweeks.

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## COUNT ONE

### (FLSA Overtime Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed or will be filed with the Court.

27. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

28. Defendant has a companywide policy of failing to pay its employees for certain pre-shift work that resulted in Plaintiff and the Opt-Ins working overtime hours for which they were not compensated.

29. This companywide practice resulted in Plaintiff and the Opt-Ins receiving less overtime compensation than they were owed.

30. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

31. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime, as well as liquidated damages in an equal amount; and,

D. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

        Respectfully submitted,

        /s/ Shannon M. Draher
        Shannon M. Draher (0074304)
        Hans A. Nilges (0076017)
        Nilges Draher, LLC
        7266 Portage St., N.W.
        Suite D
        Massillon, Ohio 44646
        330-470-4428
        hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Shannon M. Draher
Counsel for Plaintiff